1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

11

12

13

14

15

| | |
|---|---|
| ELAINE FOSMIRE,<br><br>                    Plaintiff,<br><br>          v.<br><br>PROGRESSIVE MAX INSURANCE<br>COMPANY, et al.,<br><br>                    Defendants. | CASE NO. C10-5291JLR<br><br>ORDER GRANTING IN PART<br>AND DENYING IN PART<br>DEFENDANTS' MOTION TO<br>DISMISS |

16

17

18

19

        This matter comes before the court on Defendants' motion to dismiss (Dkt. # 34).

Having considered the motion, as well as all submissions filed in support and opposition,

and deeming oral argument unnecessary, the court GRANTS in part and DENIES in part

the motion to dismiss (Dkt. # 34).

## I.    BACKGROUND

20

21

22

        Plaintiff Elaine Fosmire, on behalf of herself and as a proposed class

representative, brings suit against Defendants Progressive Max Insurance Company

ORDER- 1

1  ("Progressive Max"), Progressive Casualty Insurance Company ("Progressive Casualty"),

2  Progressive Direct Insurance Company ("Progressive Direct"), and Progressive

3  Corporation.  (Compl. (Dkt. # 1) at 1.)  Ms. Fosmire seeks specific performance or

4  damages, as well as declaratory and injunctive relief, in connection with underinsured

5  and/or uninsured motorist ("UIM") coverage contained in automobile insurance policies

6  sold by Defendants.[1]  (*Id.* ¶¶ 1.1-1.2.)  At the core of her complaint, Ms. Fosmire alleges

7  that Defendants failed to compensate her and other similarly-situated policyholders for

8  diminished value loss under the UIM coverage of Progressive policies.  (*Id.* ¶¶ 1.3-1.5.)

9       On June 5, 2007, Ms. Fosmire's 2007 Mazda was damaged in a collision with an

10  uninsured motorist.  (*Id.* ¶ 4.1.)  Ms. Fosmire was insured by Progressive Max, and her

11  insurance policy included UIM coverage for physical damage.  (*Id.* ¶ 4.2; *see* Glade Decl.

12  (Dkt. # 35) ¶¶ 2-3 & Exs. A-B.)  Progressive Max paid for repairs to Ms. Fosmire's

13  vehicle.  (Compl. ¶ 4.4.)  After the repairs were completed, Ms. Fosmire had her vehicle

14  inspected for diminished value loss and made a demand for diminished value loss, but

15  was advised that diminished value loss was not covered under her policy.  (*Id.*)

16       By this lawsuit, Ms. Fosmire seeks to recover for diminished value loss to her

17  vehicle.  She alleges that Defendants have not fully inspected her vehicle for diminished

18  value loss, have not fully compensated her for diminished value loss, and have not

19  informed her about diminished value loss and her right to recover it.  (*Id.*)  Ms. Fosmire

20

21       [1] In her complaint, Ms. Fosmire refers collectively all Defendants in this action as
   "PROGRESSIVE" or "Defendants," without specifying the actions of individual Defendants.

22  (Compl. at 1.)

1  asserts claims for breach of contract (Count I), declaratory relief (Count II), and

2  injunctive relief (Count III).  (*Id*. ¶¶ 7.1-7.26.)

3                    **II.    ANALYSIS**

4  **A.    Motion to Dismiss Breach of Contract Claims**

5           In Count I of her complaint, Ms. Fosmire brings a cause of action for breach of

6  contract.  (Compl. ¶¶ 7.1-7.7.)  She asserts that Defendants breached the terms of the

7  UIM coverage contained in Progressive insurance policies by not advising policyholders

8  of their right to recover for diminished value loss and by not compensating policyholder

9  for diminished value loss.  (*Id*. ¶¶ 7.5.)  Additionally, as part of the same cause of action,

10 Ms. Fosmire asserts that Defendants mischaracterized coverage by improperly paying

11 UIM claims under collision or comprehensive coverage.  (*Id*. ¶ 7.6.)

12          Pursuant to Federal Rule of Civil Procedure 12(b)(1), Defendants move to dismiss

13 Ms. Fosmire's claims against Progressive Casualty, Progressive Direct, and Progressive

14 Corporation on the theory that Ms. Fosmire does not have standing to sue these entities.

15 (Mot. at 9-17.)  Defendants also move to dismiss Ms. Fosmire's mischaracterization

16 claims, arguing that she does not have standing to assert these claims on behalf of

17 unnamed members of the proposed class because Defendants did not mischaracterize Ms.

18 Fosmire's own claim.  (*Id*. at 15-17.)

19          1.  Rule 12(b)(1) Legal Standard

20          Rule 12(b)(1) permits the court to dismiss a claim for lack of subject matter

21 jurisdiction based on standing.  *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136,

22 1140 (9th Cir. 2003).  A jurisdictional challenge under this provision may be made on the

1  face of the pleadings or by presenting extrinsic evidence.  *Id.* at 1139.  When resolving

2  jurisdiction depends on the merits of a case, the court may not resolve genuinely disputed

3  facts.  *Id.*  Instead, the court must assume the truth of the allegations in a complaint unless

4  controverted by undisputed facts in the record.  *Id.*  At this stage of pleading, the non-

5  moving party need only show that the facts alleged, if proved, would confer standing.  *Id.*

6  at 1140 (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 104 (1998)).

7       2.  Article III Standing

8       Article III of the United States Constitution limits the jurisdiction of the federal

9  courts to actual cases and controversies.  *Whitmore v. Arkansas*, 495 U.S. 149, 154-55

10 (1990).  This requires the person invoking the jurisdiction of the court to establish the

11 requisite standing to sue.  As a general matter, to demonstrate standing under Article III,

12 a plaintiff must show that (1) she suffered an injury in fact; (2) the injury is fairly

13 traceable to the defendant's conduct; and (3) it is likely that the injury will be redressed

14 by a favorable decision of the court.  *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*,

15 528 U.S. 167, 180-81 (2000); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61

16 (1992); *Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*, 607 F.3d

17 1178, 1183 (9th Cir. 2010).  Even in a class action, "constitutional standing requirements

18 [must be] satisfied before proceeding to the merits."  *Bates v. United Parcel Serv., Inc.*,

19 511 F.3d 974, 985 (9th Cir. 2007) (en banc).  "It is well settled that '[a]t least one named

20 plaintiff must satisfy the actual injury component of standing in order to seek relief on

21 behalf of himself or the class.'"  *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1000

22 n.7 (9th Cir. 2006).

1          3.   Progressive Casualty, Progressive Direct, and Progressive Corporation

2          Defendants argue that the court, in accordance with the reasoning of *Hovenkotter*

3   *v. Safeco Corp.*, No. C09-218JLR, 2009 WL 6698629 (W.D. Wash. Aug. 3, 2009), and

4   *Shin v. Esurance Ins. Co.*, No. C08-5626RBL, 2009 WL 688586 (W.D. Wash. Mar. 13,

5   2009), should dismiss Ms. Fosmire's breach of contract claims against Progressive

6   Casualty, Progressive Corporation, and Progressive Direct because Ms. Fosmire

7   contracted for insurance with Progressive Max alone.  (Mot. at 10-13.)  Ms. Fosmire

8   concedes that she "is in strict privity of contract only with Progressive Max."  (Resp.

9   (Dkt. # 38) at 5.)  Nevertheless, Ms. Fosmire contends that she has sufficiently alleged

10  injuries traceable to all Defendants so as to confer standing, asserting that her injury was

11  caused by Defendants as inter-related entities acting to promote their common unity of

12  interest.  (*Id.* (citing *Martin v. Twin City Fire Ins. Co.*, No. C08-5651RJB, 2009 WL

13  902072 (W.D. Wash. Mar. 31, 2009).)

14         Here, Ms. Fosmire must allege facts sufficient to support a finding that she has

15  suffered an injury in fact that is fairly traceable to the conduct of Progressive Casualty,

16  Progressive Corporation, and Progressive Direct.  *Lujan*, 504 U.S. at 560.  Having

17  reviewed the complaint, as well as the materials submitted by the parties, and assuming

18  the truth of the allegations in the complaint, except where contradicted by undisputed

19  facts, the court finds Ms. Fosmire has not made a sufficient showing to demonstrate

20  standing as to Progressive Casualty, Progressive Corporation, and Progressive Direct.  It

21  is undisputed that Ms. Fosmire is not in contractual privity with Progressive Casualty,

22  Progressive Corporation, or Progressive Direct.  Progressive Max is clearly identified as

1    the underwriter of Ms. Fosmire's policy and is the entity with whom Ms. Fosmire

2    contracted.  (Glade Decl. Ex. B at 2.)  Ms. Fosmire's arguments to overcome these

3    undisputed facts do not demonstrate that the actions of Progressive Casualty, Progressive

4    Corporation, and Progressive Direct injured her in a personal or individualized way.

5    First, Ms. Fosmire's allegation that Progressive Casualty "processes, adjusts and sets the

6    claims adjusting policies for payment of diminished value on UIM claims for all the

7    Progressive family of companies, including [Progressive Max]" (Compl. ¶ 1.8) is

8    insufficient to confer standing on Ms. Fosmire based on her claims for breach of the

9    insurance policy she entered into with Progressive Max.  *See Hovenkotter*, 2009 WL

10   6698629, *3-4; *cf. Shin*, 2009 WL 688586, at *5.  Second, even accepting that

11   Progressive Direct drafted Ms. Fosmire's insurance policy, the policy is with Progressive

12   Max, not Progressive Direct.  Likewise, the denial of coverage letters identify

13   Progressive Max as the underwriter, and Ms. Fosmire does not explain how Progressive

14   letterhead is sufficient to confer standing where there is no question that her policy is

15   with Progressive Max.  Third, even accepting that Defendants share "common leadership,

16   pooling interests and management," the court does not find this sufficient without more.

17   The *Shin* court rejected a similar argument, refusing "to embrace the notion that all

18   related companies may be haled into court for the actions of one . . . of those inter-

19   related, but distinct, companies merely because they have agreed on common practices."

20   *Shin*, 2009 WL 688586, at *5.  Therefore, the court grants Defendants' motion to dismiss

21   Ms. Fosmire's claims against Progressive Casualty, Progressive Corporation, and

22   Progressive Direct without prejudice.

ORDER- 6

4.  <u>Mischaracterization Claims</u>

Defendants next move to dismiss Ms. Fosmire's mischaracterization claims under Rule 12(b)(1).  (Mot. at 15-17.)  As part of her cause of action for breach of contract, Ms. Fosmire alleges:

> PROGRESSIVE also breached the express provisions of its contracts with certain members of the Class by paying their UIM or hit-and-run claims under its collision or comprehensive coverage.

(Compl. ¶ 7.6.)  Defendants contend that these mischaracterization claims should be dismissed because Ms. Fosmire does not allege that Defendants mischaracterized her own claim and thus does not have standing to assert such mischaracterization claims.  Ms. Fosmire responds that Defendants' argument is premature.  (Resp. at 8.)  As she views it, the question is one of typicality under Federal Rule of Civil Procedure 23(a), which should be reserved for consideration as part of a motion for class certification.  Ms. Fosmire argues she will be able to represent a class as to both the mischaracterization claims and the non-mischaracterization because all of the claims arise from the same alleged wrongful conduct.  (*Id.* at 10.)

Standing in class actions is a threshold matter that "is satisfied if at least one named plaintiff meets the requirements." *Bates*, 511 F.3d at 985; *see Armstrong v. Davis*, 275 F.3d 849, 860 (9th Cir. 2001).  Courts in this district have expressed mixed views regarding whether to reserve inquiry into a named plaintiff's standing to bring a claim on behalf of other members of the proposed class where the named plaintiff has not suffered the injury that forms the basis of the claim.  *Compare Martin*, 2009 WL 902072, at *2 (reserving question until class certification), *with Shin*, 2009 WL 688586, at *4

ORDER- 7

1   (dismissing mischaracterization claims on motion to dismiss because named plaintiff did

2   not have standing); *see also Kelley v. Microsoft Corp.*, 251 F.R.D. 544, 555-56 (W.D.

3   Wash. 2008).  Though the issue may be appropriately reserved in some cases, the court

4   finds that there is no reason to delay consideration of the issue here.  Progressive Max did

5   not mischaracterize Ms. Fosmire's insurance claim, and the misrepresentation claims in

6   the complaint neither arise from the same conduct as Ms. Fosmire's own claims

7   regarding diminished value loss nor involve the same legal theories.  The *Shin* court,

8   confronted with an analogous situation, concluded that a proposed class representative

9   may not "assert a litany of claims against a defendant merely because the plaintiff has

10  standing for one such claim."  *Shin*, 2009 WL 688586, at *4.  Just as in *Shin*, so too here:

11  Ms. Fosmire does not have standing to bring misrepresentation claims merely because

12  she has standing to assert distinct breach of contract claims regarding diminished value

13  loss.  The court grants Defendants' motion to dismiss Ms. Fosmire's misrepresentation

14  claims without prejudice.

15  **B.    Motion to Dismiss Counts II and III**

16       1.   Rule 12(b)(6) Legal Standard

17       When considering a motion to dismiss under Rule 12(b)(6), the court construes

18  the complaint in the light most favorable to the non-moving party.  *Livid Holdings Ltd.*

19  *v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).  The court must

20  accept all well-pleaded facts as true and draw all reasonable inferences in favor of the

21  plaintiff.  *Wyler Summit P'ship v. Turner Broad. Sys.*, 135 F.3d 658, 661 (9th Cir. 1998).

22  "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

ORDER- 8

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Dismissal under Rule 12(b)(6) can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

　　　　2.  Count II: Declaratory Judgment

　　　　Ms. Fosmire requests a declaratory judgment in Count II of her complaint. (Comp. ¶¶ 7.16-7.17.)  Defendants move to dismiss this count on the basis that it seeks the same relief as that sought in Ms. Fosmire's cause of action for breach of contract. (Mot. at 18-20.)  To maintain a claim under the Declaratory Judgment Act, "a plaintiff must establish standing by showing 'that there is a substantial controversy, between parties having adverse interest, of sufficient immediacy and reality to warrant issuance of a declaratory judgment.'"  *Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 658 (9th Cir. 2002); *see also Aydin Corp. v. Union of India*, 940 F.2d 527, 529 (9th Cir. 1991). Requests for declaratory judgment orders that merely impose the remedies provided for in other claims are duplicative and may be dismissed on that basis.  *Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007) (adopting the opinion of *Swartz v. KPMG LLP*, 401 F. Supp. 2d 1146, 1154-55 (W.D. Wash. 2004)).

　　　　Here, the court finds that Count II is duplicative of Ms. Fosmire's breach of contract claims and must be dismissed.  *Hovenkotter*, 2009 WL 6698629, at *6.  Pursuant to Count II, Ms. Fosmire "seeks an order declaring that Defendants are obligated under the UIM policy provisions to notify policyholders of their diminished value losses, to

1   readjust Plaintiff's and Class Members' claims for diminished value loss, and to reverse

2   all consequences of having paid hit-and-run claims under the collision or comprehensive

3   provisions." (Resp. at 13.)  In *Hovenkotter*, the court, confronted with an identical cause

4   of action for declaratory relief, dismissed the claim as duplicative of the plaintiff's breach

5   of contract claims.  *Hovenkotter*, 2009 WL 6698629, at *6.  The same result is

6   appropriate here.  Resolution of Ms. Fosmire's other claims will already determine

7   whether the remedies sought in her declaratory judgment claim should be imposed.

8   Accordingly, the court dismisses Count II.  *See id*.

9         3.   Count III: Injunction

10        In Count III, Ms. Fosmire seeks an injunction.  (Compl. ¶¶ 7.18-7.26.)  Defendants

11  move to dismiss this claim on the basis that an injunction is a remedy, not an independent

12  cause of action, and that Count III improperly seeks monetary relief.  (Mot. at 20.)

13  Defendants acknowledge, however, that this court denied an analogous request in

14  *Hovenkotter*.  (*Id*. at 20 n.3.)  The court declines to dismiss Count III.  *See Hovenkotter*,

15  2009 WL 6698629, at *6-7; *Martin*, 2009 WL 902072, at *2.

16  **C.    Motion for Discovery**

17        In her response, Ms. Fosmire moves for leave to conduct pre-certification

18  discovery to amend her complaint to add additional facts and/or to join additional

19  plaintiffs.  (Resp. at 10.)  The court declines to resolve Ms. Fosmire's request in this

20  order, but will issue a preliminary scheduling order in conjunction with this order.  Ms.

21  Fosmire may proceed in accordance with the preliminary scheduling order and may move

22  to amend her complaint, if and when appropriate.

1        **III.    CONCLUSION**

2              In light of the foregoing, the court GRANTS in part and DENIES in part the

3    motion to dismiss (Dkt. # 34).  The court DISMISSES Ms. Fosmire's claims against

4    Progressive Casualty, Progressive Corporation, and Progressive Direct, and DISMISSES

5    Count II.

6              Dated this 31st day of August, 2010.

7

8                                            _____
                                             JAMES L. ROBART
9                                            United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER- 11