**Peter H. Glade, WSBA #15681**
PeterGlade@MHGM.com
**Matthew A. Levin, WSBA #31011**
MattLevin@MHGM.com
**David B. Markowitz, OSB #742046**
(admitted *pro hac vice*)
DavidMarkowitz@MHGM.com
**J. Matthew Donohue, OSB #065742**
(admitted *pro hac vice*)
MARKOWITZ, HERBOLD, GLADE
 & MEHLHAF, P.C.
Suite 3000 Pacwest Center
1211 SW Fifth Avenue
Portland, OR  97204-3730
Tel:  (503) 295-3085
Fax:  (503) 323-9105

Attorneys for Defendant Progressive
Max Insurance Company

IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| **ELAINE FOSMIRE**, | CV No.: 3:10-CV-05291-JLR |
| Plaintiff, | |
| vs. | **DEFENDANT'S REPLY IN SUPPORT OF MOTION TO EXCLUDE THE EXPERT REPORT OF NAYAK L. POLISSAR, PH.D. IN SUPPORT OF CLASS CERTIFICATION** |
| **PROGRESSIVE MAX INSURANCE COMPANY**; **PROGRESSIVE CASUALTY INSURANCE COMPANY**; **PROGRESSIVE DIRECT INSURANCE CO.**; **PROGRESSIVE CORPORATION**, | |
| Defendants. | NOTE ON MOTION CALENDAR: Friday, April 22, 2011 |

**I.      The Court should strike Dr. Polissar's April 18, 2011 Declaration.**

Defendant Progressive Max moves to strike the Declaration of Nayak L Polissar,

Ph.D. in Opposition to Defendant's Motion to Exclude Expert Report (the "Supplemental

Polissar Report," Dkt. #96) as an untimely and unpermitted supplemental expert report.

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO EXCLUDE THE EXPERT REPORT OF NAYAK L. POLISSAR, PH.D. IN SUPPORT OF CLASS CERTIFICATION - 1**

1    The schedule required Plaintiff to disclose her expert reports by November 19, 2010.

2    (8/31/10 Preliminary Scheduling Order, Dkt. #41).  Plaintiff timely served the original

3    Polissar Report, but did not disclose all materials relied upon by Dr. Polissar before his

4    November 30, 2010 deposition, and continued to produce materials during and after the

5    deposition.  (Donohue Decl. at ¶ 6, Dkt. #88.)  Plaintiff now submits the Supplemental

6    Polissar Report attempting to cure defects in the original Polissar Report and straighten out

7    Polissar's troublesome deposition testimony by making wide-ranging assertions that

8    Progressive Max can test by cross-examination.

9        Although the Supplemental Polissar Report is twice as long as the original, plaintiff

10   only cites a fraction of its content.  If the Court does not strike the supplemental declaration,

11   it should ignore paragraphs that plaintiff does not cite.  Defendant's reply focuses only those

12   portions of the Supplemental Polissar Report that plaintiff actually cites.

13   **II.    Polissar's new opinion is still not based upon Progressive Max's data.**

14       In her opposition, plaintiff states that she offers Polissar's testimony to "show that a

15   regression modeling formula can be derived from existing information to estimate an

16   aggregate damage award . . . ." (Pl.'s Opp. at 4:4, 9-10, Dkt. #94.)  Plaintiff concedes that she

17   must submit scientifically reliable evidence to support this opinion (Pl.'s Opp. at 2:2, Dkt.

18   #94.)  The question presented by Progressive Max's Motion to Exclude is whether the

19   original Polissar Report should be regarded as scientifically reliable evidence.  Progressive

20   Max has demonstrated that the original Polissar Report does not establish such reliability.

21       The most obvious shortcoming in Polissar's testimony, even as supplemented, arises

22   from his failure to examine or analyze the "existing information," from which the modeling

23   formula must be derived.  First, Polissar knows nothing about the Progressive Max data.  In

24   its Motion to Exclude, Progressive Max demonstrated that because Polissar had never looked

25   at Progressive Max's data, Polissar's opinion could not reliably support plaintiff's statement

26   that "the amount of their individual and aggregate class-wide damages can be calculated

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO EXCLUDE
THE EXPERT REPORT OF NAYAK L. POLISSAR, PH.D. IN
SUPPORT OF CLASS CERTIFICATION - 2**

MARKOWITZ, HERBOLD,
GLADE & MEHLHAF, P.C.
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON  97204-3730
(503) 295-3085

using available, objective information contained in Progressive's own electronic records."
(Pl.'s Mot. for Class Cert. at 16:18-20, Dkt. #64.)

Since October 10, 2010, plaintiff has had Progressive Max's electronic records relating to UMPD claims paid to its insureds during the class period.  (Def.'s Motion to Exclude at 4:6-8, Dkt. #87).  Polissar, however, still has not reviewed that data.  (Polissar Decl., ¶ 10, Dkt. #96.)  Polissar does not know if the Progressive Max data will have variables similar to those in the Siskin Data.  (Polissar Decl. ¶ 11, Dkt. #96.)  The original Polissar Report states that the result of his analysis "is a formula that relates the values of the predictive variables (such as make, model, age of car, mileage and type and extent of damage) to the diminished value of the car." (Expert Report, p 3, ¶ 8, Ex. F, Dkt. #64-1.)  But without examining the Progressive Max data, Polissar cannot (and does not) testify that the Progressive Max data contains "values of the predictive variables."

The examination of the Progressive Max data would have been a simple task.  Instead, Polissar guesses that the data must contain information that will allow him to obtain variables needed for his model because "Dr. Siskin has previously carried out a successful exercise of using insurance company files to obtain variables needed for his model * * * [and] it [is] highly likely that the same will be possible using data provided by Progressive. (*Id.*)."  Accordingly, Polissar assumes that Progressive Max (as an insurance company) would keep data necessary to derive the formula.  (Polissar Decl. ¶ 11, Dkt. #96.)

Polissar also has not done any work to determine how to account for differences between the Progressive data and the Siskin Data.  Polissar simply states that if the information is different, he will develop a model using the Siskin Data based on the variables available from the Progressive data.  (Polissar Decl. ¶11, Dkt. #96.)  However, because he has not yet analyzed the Progressive data, Polissar cannot explain how he will use it to reliably estimate class-wide and individual diminished value "using available, objective information contained in Progressive's own electronic records."  Polissar's assumptions about the content of Progressive data do not amount to scientifically reliable analysis.  His

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO EXCLUDE
THE EXPERT REPORT OF NAYAK L. POLISSAR, PH.D. IN
SUPPORT OF CLASS CERTIFICATION - 3**

MARKOWITZ, HERBOLD,
GLADE & MEHLHAF, P.C.
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON  97204-3730
(503) 295-3085

guess work should not be admitted into evidence or considered in evaluating the plausibility of scientifically measuring class-wide damage.  Polissar's willful ignorance of the content of the Progressive data betrays doubt about the plausibility of his proposed method for measuring aggregate damage.

### III.    Polissar's new opinion is still not based upon data relevant to the proposed class.

Plaintiff apparently agrees that Polissar must eventually build a statistical model based upon data representative of the class in order to demonstrate that he can isolate the effect of diminished value for the proposed class.  (Def's Mot. to Exclude at 4:22-5:13, Dkt. #87.)  In effect, plaintiff tacitly concedes the defects in Polissar's opinion.  The Polissar Report could not have been based on data that he concluded was representative of the class, because Polissar had never seen a description of the proposed class.  (Def's Mot. to Exclude at 5:14-16, Dkt. #87.)  Instead of determining whether data representative of the putative class even exists, Polissar relies exclusively on the Siskin Data to render his opinion, even though the Siskin Data comes from older vehicles that differed in age, class, makes and models from the vehicles in the proposed class.  It appears sufficient for Polissar's purposes that the Siskin Data involves cars sold in the USA, rather than refrigerators, telephones or boats (Polissar Decl., p. 5, ¶ 10, Dkt. #96).

Polissar still has not explained how he would analyze or adjust the Siskin Data to account for the different characteristics of the newer and different vehicles in the proposed class.  Although plaintiff now claims that Polissar studied the Siskin Data and determined "it was appropriate for use in this case because Progressive insured vehicles and the [Siskin Data] would have a similar age range, counting age at the time of the accident or the time of the auction, respectively," plaintiff cites no evidence to support this statement.  (Pl.'s Opp. to Mot. to Exclude 7:18:20, Dkt. #94.)

Despite never having viewed Progressive Max data, Polissar now claims that "both sets cover a broad range of vehicle types, models, makes and mileages * * * [and therefore] the principles of damage and their impact on sales price, and any statistical models

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO EXCLUDE THE EXPERT REPORT OF NAYAK L. POLISSAR, PH.D. IN SUPPORT OF CLASS CERTIFICATION - 4**

describing the same, will carry over from the auction dataset to the Progressive cars." (Pl.'s Opp. to Mot. to Exclude at 7:20-24, Dkt. #94.)  And despite not knowing the proposed class description, Polissar now claims that he will use the Siskin Data to develop a model for diminished value that "represents a wide and diverse population, a population of which the cars in the present case are a part." (Pl.'s Opp. to Mot. to Exclude at 4:12-14, Dkt. #94.)  Polissar's Supplemental Report still does not elucidate how he can account for the many differences between the Siskin Data and the proposed class in age, make, model and class of the vehicles.  Accordingly, Polissar has not demonstrated how he can reliably estimate individual and class-wide diminished value based on representative data.

**IV.    Polissar still has not validated the Siskin Data.**

Plaintiff concedes that "there are well-established prohibitions against one expert adopting the opinions or data of other experts as their own without having made any effort to test their validity * * *." (Pl.'s Opp. to Mot. to Exclude at 9:11-12, Dkt. #94.)  Polissar admits he did not test the validity of the Siskin Data.  (Def.'s Mot. to Exclude at 7:16-22, Dkt. #87.)  Polissar's testimony should be excluded on this basis alone.

**V.    Polissar still has not demonstrated a reliable method for estimating diminished value for the proposed class or individuals.**

Plaintiff cites three cases for the proposition that she is only required to offer a proposed method for determining damages that is "not so insubstantial as to amount to no method at all." (Pl.'s Opp. to Mot. to Exclude at 3:24-4:5, Dkt. #94.)  Each of those cases demonstrates why Polissar's report should be excluded.  In *Negrete v. Allianz Life Ins. Co. of North Am.*, 238 F.R.D. 482 (C.D. Cal. 2006), the plaintiff's expert developed software that would calculate lost damages using data available from the defendant's records.  Although the court found plaintiff's expert used a plausible method to calculate damages, its finding relied on the facts that the expert had had already "analyzed the vast majority" of the defendant's data at issue in the case.  238 F.R.D. at 494.  Here, Polissar has not even looked at Progressive's data.  Similarly, in *Online DVD Rental Antitrust Litigation*, 2010 WL

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO EXCLUDE THE EXPERT REPORT OF NAYAK L. POLISSAR, PH.D. IN SUPPORT OF CLASS CERTIFICATION - 5**

1  5396064 (N.D. Cal. 2010), the court accepted plaintiff's expert testimony when it was

2  undisputed that his methodology was based on defendant's data.  2010 WL 5396064, at *

3  11.  The same was true in *TFT-LCD (Flat Panel) Antitrust Litigation*, 267 F.R.D. 583 at 604

4  (N.D. Cal. 2010).  None of these three cases involved an expert who had failed to even look

5  at the defendant's data.  In contrast, the court in *Somers v. Apple*, 258 F.R.D. 354 (N.D.

6  2009), rejected the plaintiff's expert report because the expert had "not yet developed a

7  model or worked with any data in the context of this case."  258 F.R.D. at 360.  The court

8  should reach the same conclusion here.

9         Plaintiff fabricates a straw-man argument that Progressive Max believes Polissar must

10  have already "developed or created an actual detailed model as well as an actual specific

11  formula for calculating damages," even at the certification stage.  (Pl.'s Opp. to Mot to

12  Exclude at 2:24-25. Dkt. #94.)  In fact, defendant's challenged to Polissar's opinion uses the

13  standard plaintiff advocates: his opinion that he can derive class-wide damages for

14  diminished value from analysis of existing information must be supported by scientifically

15  reliable evidence.  Polissar's testimony that he is capable estimating class-wide and

16  individual damages from existing data lacks support from scientifically reliable evidence.

17  Polissar simply recites generic statistical principles and claims he will build a model to

18  accomplish this task.  (Mot. to Exclude at 9:11-10:3, Dkt. #87.)

19         DATED this 22nd day of April, 2011.

20                        MARKOWITZ, HERBOLD, GLADE
                          & MEHLHAF, P.C.

21

22         By:   */s/  Peter H. Glade*
                 _____
23               Peter H. Glade, WSBA #15681
                 J. Matthew Donohue, (admitted *pro hac vice*)
24               (503) 295-3085
                 Of Attorneys for Defendant Progressive Max
25               Insurance Company

FOSM\248534

26

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO EXCLUDE
THE EXPERT REPORT OF NAYAK L. POLISSAR, PH.D. IN
SUPPORT OF CLASS CERTIFICATION - 6**

**MARKOWITZ, HERBOLD,
GLADE & MEHLHAF, P.C.**
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON  97204-3730
(503) 295-3085

## ATTORNEY CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2011, I have made service of the foregoing **DEFENDANT'S REPLY IN SUPPORT OF MOTION TO EXCLUDE THE EXPERT REPORT OF NAYAK L. POLISSAR, PH.D. IN SUPPORT OF CLASS CERTIFICATION** on the party/ies listed below in the manner indicated:

Van Bunch
Bonnett Fairbourn Friedman & Balint, PC
57 Carriage Hill
Signal Mountain, TN  37377

- ☐ U.S. Mail
- ☐ Facsimile
- ☐ Hand Delivery
- ☐ Overnight Courier
- ☐ Email     vbunch@bffb.com
- ☒ Electronically via USDC CM/ECF system

David A. Futscher
Parry Deering Futscher & Sparks, PSC
PO Box 2618
Covington, KY  41012-2618

- ☐ U.S. Mail
- ☐ Facsimile
- ☐ Hand Delivery
- ☐ Overnight Courier
- ☐ Email     dfutscher@pdfslaw.com
- ☒ Electronically via USDC CM/ECF system

Stephen M. Hansen
Stephen M. Hansen, P.S.
1703A Dock Street
Tacoma, WA  98402-4441

- ☐ U.S. Mail
- ☐ Facsimile
- ☐ Hand Delivery
- ☐ Overnight Courier
- ☐ Email     steve@stephenmhansenlaw.com
- ☒ Electronically via USDC CM/ECF system

Charles Clinton Hunter
Debra Brewer Hayes
Reich & Binstock LLP
4265 San Felipe, Suite 1000
Houston, TX  77027

- ☐ U.S. Mail
- ☐ Facsimile
- ☐ Hand Delivery
- ☐ Overnight Courier
- ☐ Email     chunter@rbfirm.net
       dhayes@dhayeslaw.com
- ☒ Electronically via USDC CM/ECF system

**CERTIFICATE OF SERVICE**

Elaine A. Ryan                              ☐  U.S. Mail
Patricia N. Syverson                        ☐  Facsimile
Bonnett Fairbourn Friedman & Balint, PC     ☐  Hand Delivery
2901 N. Central Avenue, Suite 1000          ☐  Overnight Courier
Phoenix, AZ  85012                          ☐  Email    eryan@bffb.com
                                                    psyverson@bffb.com
                                            ☒  Electronically via USDC CM/ECF system

    DATED this 22nd day of April, 2011.


                    */s/  Peter H. Glade*

                    _____
                    Peter H. Glade, WSBA #15681
                    Of Attorneys for Defendant Progressive Max
                    Insurance Company

**CERTIFICATE OF SERVICE**