UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELAINE FOSMIRE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>PROGRESSIVE MAX INSURANCE COMPANY, et al.,<br><br>　　　　　　Defendants. | CASE NO. C10-5291JLR<br><br>ORDER GRANTING MOTION TO AMEND CLASS ACTION COMPLAINT |

## I.　　INTRODUCTION

This matter is before the court on Plaintiff Elaine Fosmire's motion for leave to file an amended class action complaint (Dkt. # 59). Having reviewed Ms. Fosmire's motion, Defendant Progressive Max Insurance Company's ("Progressive Max") response

ORDER- 1

in opposition to Ms. Fosmire's motion, as well as the records and files herein, the court GRANTS Ms. Fosmire's motion.[1]

## II. FACTUAL AND PROCEDURAL BACKGROUND

Ms. Fosmire, on behalf of herself and as a proposed class representative, originally brought suit against four defendants, including Progressive Max, Progressive Casualty Insurance Company ("Progressive Casualty"), Progressive Direct Insurance Company ("Progressive Direct"), and Progressive Corporation. (Compl. (Dkt. # 1) at 1.) Ms. Fosmire alleged in her original complaint that these entities failed to compensate her and other similarly-situated policyholders for diminished value loss under the uninsured motorist ("UIM") coverage contained in Progressive insurance policies. (*Id.* ¶¶ 1.3-1.5.)

On June 5, 2007, Ms. Fosmire's 2007 Mazda was damaged in a collision with an uninsured motorist. (*Id.* ¶ 4.1.) Ms. Fosmire was insured by Progressive Max, and her insurance policy included UIM coverage for physical damages. (*Id.* ¶ 4.2.) Progressive Max paid for repairs to Ms. Fosmire's vehicle. (*Id.* ¶ 4.4.) After the repairs were complete, Ms. Fosmire had her vehicle inspected for diminished value loss and made a demand for this loss. (*Id.*) She was advised, however, that her policy did not cover diminished value loss. (*Id.*)

In response, Ms. Fosmire brought suit against Defendants for breach of contract, as well as declaratory and injunctive relief. (*Id.* ¶¶ 7.1-7.26.) She asserts that Defendants did not fully inspect her vehicle for diminished value loss, did not fully compensated her

---

[1] No party has requested oral argument, and the court deems oral argument to be unnecessary with regard to the resolution of this motion.

ORDER- 2

for diminished value loss, and did not inform her about diminished value loss and her right to recover it. (*Id.* ¶ 4.4.)

On June 28, 2010, Defendants moved to dismiss Ms. Fosmire's breach of contract claim against Defendants Progressive Casualty, Progressive Direct, and Progressive Corporation asserting that Ms. Fosmire contracted for insurance only with Defendant Progessive Max. (Mot. to Dismiss (Dkt. # 34).) On August 31, 2010, the court granted Defendants motion and dismissed Ms. Fosmire's claims with respect to Progressive Casualty, Progressive Direct, and Progressive Corporation without prejudice, but also granted Ms. Fosmire leave to move to amend her complaint as appropriate. (Order (Dkt. # 40) at 5-6, 10.)

Ms. Fosmire now moves to amend her complaint to re-add the Defendants the court previously dismissed in its August 31, 2010 order. (Mot. (Dkt. # 59).) In so moving, Ms. Fosmire has submitted a proposed amended class action complaint in which she augments her allegations concerning the intertwined corporate structure and actions of the four defendants (Proposed Am. Compl. (Dkt. # 59-1) at ¶¶ 4.1-4.22), as well as her allegations concerning the appropriateness of disregarding the corporate form in this litigation (*id.* at ¶¶ 5.1-5.5). Ms. Fosmire also submits additional evidence in support of her proposed amended allegations. (*See* Hansen Decl. (Dkt. # 59-2).)

### III.   ANALYSIS

#### A.  Standards for Considering a Motion to Amend

Federal Rule of Civil Procedure 15(a) provides that, after the initial period for amendments as of right, pleadings may be amended only with the opposing party's

ORDER- 3

written consent or by leave of court. Fed. R. Civ. P. 15(a). Generally, "the court should freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2). This rule should be interpreted and applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir. 1990). The court ordinarily considers five factors when determining whether to grant leave to amend a complaint: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended his complaint." *Allen v. City of Beverly Hills,* 911 F.2d 367, 373 (9th Cir.1990). The court need not consider all of these factors in each case. *Atkins v. Astrue,* No. C 10-0180 PJH, 2011 WL 1335607, at *3 (N.D. Cal. Apr. 7, 2011). The third factor, however, prejudice to the opposing party, is the "touchstone of the inquiry under rule 15(a)." *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003).

### B. Ms. Fosmire's Motion to Amend

The majority of Ms. Fosmire's motion is devoted to detailing why the new allegations in her proposed amended class action complaint sufficiently set forth specific facts demonstrating (1) that proposed Defendants Progressive Direct and Progressive Casualty were directly involved in the alleged wrongful conduct and primarily liable to Ms. Fosmire, and (2) an abuse of the corporate form sufficient to confer standing over all of the Progressive entities. (Mot. at 6-12.) Significantly, Progressive Max never challenges the adequacy of the proposed amendments themselves (*see generally* Resp. (Dkt. # 69)), and the court finds that the proposed allegations are sufficient under the pleading standards of Federal Rule of Civil Procedure 8(a) to state a facially plausible

claim that the distinction between Defendants' corporate entities should be disregarded for purposes of Ms. Fosmire's claims. *See Ashcroft v. Iqbal,* --- U.S. ---, 129 S.Ct. 1937, 1949 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (discussing Fed. R. Civ. P. 8(a)).

Instead of challenging the facial plausibility of the proposed amendments, Progressive Max opposes Ms. Fosmire's motion on grounds that permitting the proposed amendment will require additional discovery, impose additional costs, delay the litigation, and, as a result, cause undue prejudice to Defendants. (Resp. at 1-5, 7-11.) In addition, Progressive Max asserts that Ms. Fosmire unnecessarily delayed in the filing of her motion to amend, and that her motion is based primarily on evidence that was in her possession at the time she filed her original complaint. (*Id.* at 5-7.) The court addresses each of these issues in turn.[2]

**1. Undue Prejudice to Opposing Party**

The parties have already completed class discovery in the seven states in which Progressive Max issues automobile policies. (Resp. at 8.) Progressive Max asserts that if the court permits Ms. Fosmire to amend her complaint to include the three additional

---

[2] Progressive Max also asserts briefly that Ms. Fosmire's motion to amend is futile if the court intends to deny her motion for class certification. (Resp. at 10-11.) First, the court notes that it has not yet reached the class certification issue, but that in any event the two motions (to amend a complaint and for class certification) are considered under different standards. *See, e.g., Wal-Mart Stores, Inc. v. Dukes,* --- U.S. --- , 131 S.Ct. 2541, 2551-52 (2011) (setting forth the standard for class certification motion under Fed. R. Civ. P. 23). Further, even assuming that the court denies Ms. Fosmire's class certification motion, her individual claims will remain.

ORDER- 5

defendants, then this state specific discovery will have to be duplicated in the 17 additional states in which these three defendants also issue relevant insurance coverage. (*Id.*) Progressive Max asserts that this additional discovery will require six to nine months to complete, and will significantly increase costs. (*Id.* at 9.) Ms. Fosmire counters that the discovery conducted to date reveals that "Progressive's insurance undertaking is exactly the same" in each of the original states, and thus any additional discovery "would simply be in the form of requests for admission . . . , which would not entail extensive discovery or impose significant costs." (Reply (Dkt. # 73) at 5 (internal quotation marks omitted).)

There is little doubt that adding additional parties generally requires additional discovery and time to complete that discovery. Although permitting Ms. Fosmire's amendment may involve additional discovery, the need for additional discovery, alone, is insufficient to justify the denial of leave to amend. *See, e.g,. In re Circuit Breaker Litig.*, 175 F.R.D. 547, 551 (C.D. Cal. 1997) ("The need for additional discovery is insufficient by itself to deny a proposed amended pleading."). Further, this litigation is not close to trial. While class discovery is now closed, merits-based discovery has not yet been conducted, and a trial date has not yet been scheduled. *See, e.g., DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 187-88 (9th Cir. 1987) (finding amendment not prejudicial where discovery had commenced but was not yet closed, and no trial date had been set); *Gonzales v. Comcast Corp.,* No. 1:10-cv-01010-LJO-SKO, 2011 WL 1833118, at *7 (E.D. Cal. May 13, 2011) ("The fact that [defendant] will be required to undertake additional discovery based on the proposed amended complaint or expend additional

resources . . . is not substantially prejudicial at this stage. . . ," where class discovery is closed, but merits discovery has not yet been conducted, and the matter is not scheduled for trial). Finally, Progressive Max does not argue that the proposed amendment will impair its ability to defend against this suit. *See, e.g., Johnson v. Microsoft Corp.,* No. C06-900RAJ, 2008 WL 803124, at *4 (W.D. Wash. Mar. 21, 2008) (proposed amendments did not require defendant to create an entirely new theory of the case, and additional discovery at early stage of litigation was not so prejudicial to support denial of amendment). Indeed, the proposed amendments do not present new issues or claims that were not asserted (albeit, inadequately) in Ms. Fosmire's original class action complaint. Accordingly, given the posture of this case, the court finds that the additional discovery and delay that may result from amending the complaint is not exceptionally onerous and will not result in undue prejudice to Defendants.[3]

### 2. Undue Delay in Seeking Amendment

Ms. Fosmire contends that the amendments she proposes concerning the interconnectedness of Defendants are based upon new information she obtained recently during discovery. (*See* Mot. at 1.) Progressive Max, however, counters that most of the information upon which Ms. Fosmire bases her proposed amendments was either

---

[3] The court also notes that Ms. Fosmire's motion to amend could not have come as a surprise to Defendants. She indicated her intention to file this motion as early as September 1, 2010 when she served Progressive Max with a Federal Rule of Civil Procedure 30(b)(6) deposition notice seeking discovery regarding the actions of the dismissed Progressive entities that could have harmed Ms. Fosmire, as well as the interconnectedness of the Progressive entities. Ms. Fosmire also served third-party subpoenas on October 3, 2010, and filed a motion for additional time to seek discovery on December 3, 2010, in which Ms. Fosmire stated her intention to seek to amend her complaint. (*See generally* Reply at 1-2.)

ORDER- 7

1 available in public records or was otherwise available to Ms. Fosmire at the time she filed
2 her initial complaint. (Resp. at 5-7.) Progressive Max, therefore, argues that there is no
3 reason why Ms. Fosmire could not have moved for leave to amend her complaint many
4 months ago. (*See id.*)

5 While it may be true that Ms. Fosmire could have sought amendment earlier, "the
6 delay did not include the passing of any major litigation dates, such as the closing of
7 merits discovery or the dispositive motions deadline." *Johnson,* 2008 WL 803124, at *4
8 (citing *Howey v. United States,* 481 F.2d 1187, 1191 (9th Cir. 1973) (holding that the fact
9 that a party could have amended a complaint earlier does not in itself constitute an
10 adequate basis for denying leave to amend)). Further, Progressvie Max does not contend
11 that Ms. Fosmire delayed her request for leave to amend her complaint in bad faith. *See*
12 *id.* (citing *Griggs v. Pace Am. Group, Inc.,* 170 F.3d 877, 881 (9th Cir. 1999) (stating that
13 amendment should be permitted unless a plaintiff "merely is seeking to prolong the
14 litigation by adding new but baseless legal theories.")). At this stage in the litigation, and
15 absent any evidence that Ms. Fosmire's motion is brought in bad faith, the court finds
16 that Ms. Fosmrie's motion was not unduly delayed.

### IV. CONCLUSION

18 Based on the foregoing, the court GRANTS Ms. Fosmire's motion for leave to file

1 an amended class action complaint (Dkt. # 59).

2 Dated this 26th day of September, 2011.

JAMES L. ROBART
United States District Judge

ORDER- 9